DOMINGO BETANCOURT V. STATE.

No. 30,737. May 20, 1959.

*Sam J. Dwyer* and *George Rodriguez,* El Paso, for appellant.

*William E. Clayton,* District Attorney, *Lawrence M. Welsch* and *Joseph H. Sharpley,* Assistants District Attorney, El Paso, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the possession of marijuana; the punishment, five years.

Officers Nava and Kreiger went to a housing project about 9 P.M. in answer to a call. Officer Nava testified that when he arrived at the playground area of said project he saw a man, whom he later identified as the appellant, inside the playground, kneeling on one knee near the fence, digging in the ground with what appeared to be a knife. When he turned the flashlight on the appellant, he stood up, looked toward the officer, and began walking in the opposite direction, and he kept looking back toward the playground as he was walking. Nava observed appellant leave the playground and within a short distance go into an entrance between two buildings and place an object over a doorway. At this time he arrested appellant. Nava then found a knife which had grass marks and fresh dirt on it over the doorway. Nava returned to the place that appellant had been kneeling and there found a handkerchief with fresh dirt on it and in a hole covered with fresh dirt and grass he found a paper containing twelve cigarettes.

Appellant was alone at the time Officer Nava saw him kneeling and observed him walk away. There were too young men playing cards about fifteen feet from the appellant at the time Nava saw him kneeling and when he returned to examine the place.

It was shown that the twelve cigarettes contained marijuana.

Appellant did not testify but called the two young men who had been playing cards. They testified that about the time the officers appeared, the appellant, who had been watching the card game, left saying he was going to buy some cigarettes; and that they didn't see him stop and dig in the ground; and that the fence was about 25 feet from them.

It was shown that the playground was available to and used by the public.

The court charged the jury upon the law applicable to circumstantial evidence.

The facts and circumstances are sufficient to warrant the jury's conclusion that the appellant possessed the marijuana as charged.

Appellant contends that his arrest was illegal therefore the search resulting in the finding of the marijuana cigarettes was unlawful, making them inadmissible in evidence.

The search of the public place where the appellant had previously been kneeling was in no way dependent upon the legality of his arrest; hence, there was no error in the admission of the marijuana cigarettes in evidence.

The judgment is affirmed.

Opinion approved by the Court.